FILED

GREAT FALLS D..

2011 NOV 8 AM 9 47

PATRICK E. DUFFY, CLERK

BY _____

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

---

UNITED STATES OF AMERICA,                    Cause No. CR 07-114-GF-SEH

       Plaintiff/Respondent,

vs.                                                                    ORDER

JOHN FITZGERALD BIG LEGGINS, JR.,

       Defendant/Movant.

---

On July 5, 2011, Defendant/Movant John Big Leggins ("Big Leggins"), a federal prisoner proceeding pro se, moved to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255.

A prior order to show cause was issued on September 14, 2011, in which Big Leggins was directed to show cause why he did not raise his claims against sentence on direct appeal. *See* Mot. § 2255 (doc. 117-1) at 6-9.[1] He failed to respond.

Although Big Leggins has asserted that appellate counsel did not consult with

---

[1] Big Leggins filed one § 2255 motion on two different forms. Both are signed. Because the first page of the first-filed form does not show his full name, this Order refers to the second-filed. His claims are the same in both.

ORDER / PAGE 1

him about issues to raise on appeal or ask his opinion, Mot. § 2255 at 10, he does not

claim that he would, at that time, have directed counsel to the issues he now raises,

nor does he assert that counsel's failure to consult with him deprived him of

constitutionally effective assistance of counsel. *Cf. Edwards v. Carpenter*, 529 U.S.

446, 451 (2000) ("Not just any deficiency in counsel's performance will do, however;

the assistance must have been so ineffective as to violate the Federal Constitution.").

Therefore, as Big Leggins was warned, Order to Movant to Show Cause (doc. 119)

at 2, those claims are dismissed with prejudice as procedurally defaulted.

One claim remains.[2] Big Leggins alleges that his first trial counsel, June Lord,

violated his Sixth Amendment right to effective assistance of counsel by lying to him

about her investigation and that his guilty plea was rendered involuntary by her

ineffectiveness. He asserts that he gave Lord names of witnesses, and, instead of

conducting an appropriate investigation, Lord "lied to me, because she said my

witnesses could not be located." Mot. § 2255 at 5. This claim is subject to review

against the files and records of the case. Rule 4(b), Rules Governing § 2255

Proceedings.

---

[2] This claim is directed at Big Leggins' guilty plea. The Plea Agreement prohibited him from seeking appellate review "to determine if any errors were made which would entitle him to reversal of the conviction." Plea Agreement (doc. 26) at 8 ¶ 9(i). Consequently, he could not have raised this claim on direct appeal. *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) (discussing *United States v. Jeronimo*, 398 F.3d 1149, 1154 (9th Cir. 2005)).

Ms. Lord was Big Leggins' first trial counsel. Orders (docs. 8, 9). She hired an investigator, *see* Ex Parte Mot. (doc. 7); Order (doc. 10), and obtained subpoenas for witnesses, Ex Parte Mot. (doc. 16); Order (doc. 17). On December 10, 2007, Big Leggins pled guilty following submission of a Plea Agreement. Minutes (doc. 25); Plea Agreement (doc. 26). He stated, under oath, that Lord investigated the case and he was satisfied with her work. Change of Plea Tr. (doc. 30) at 10:19-11:19. He also said, under oath, that he raped the victim. *Id.* at 29:12-30:18.

On January 9, 2008, the Court received a letter from Big Leggins, seeking to withdraw the guilty plea on the grounds that Lord "pressured and scared" him into pleading guilty and was not "doing her job." Letter (doc. 28) at 1, 4. On January 16, 2008, Lord moved to withdraw from representation. New counsel, James B. Obie, was appointed in her stead. Orders (docs. 34, 35). He then moved to allow Big Leggins to withdraw his guilty plea. Mot. (doc. 37). A hearing was held on May 14, 2008. Minutes (doc. 50). Big Leggins testified. The motion to withdraw was denied. Order (doc. 49).

A § 2255 motion must "set out substantive facts that will enable the court to see a real possibility of constitutional error." *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1979), *cited in Calderon v. United States Dist. Court*, 98 F.3d 1102, 1106 (9th Cir. 1996)).

In January 2008, Big Leggins wrote a letter to the Court, claiming that he lied at the change of plea hearing because Lord "pressured and scared [him] into it." Letter (doc. 28) at 1.

At the hearing on May 14, 2008, Big Leggins testified that, in addition to the witnesses identified by the prosecution – L.S., D.S., and J.W. – he gave Lord the names of:

> Tasha Four Star, [and] my cousin that was present in one of the videos, who heard the conversation that took place between her and I, his name was Timothy Big Leggins. And there's numerous people that I gave her names to that also can verify that she [the victim] was going around town saying that I didn't do this. And this is something that she doesn't want me to get in trouble for. And I gave her [Lord] names of them people. *And I don't know if she ever got in touch with them.*

Mot. Hr'g Tr. (doc. 103) at 59:7-15. Asked whether he "receive[d] *any* information back as to whether she got in touch with those people," Big Leggins replied, "*No, sir.*" *Id.* at 59:16-18 (emphases added). Thus, Big Leggins stated under oath that Lord did not tell him whether she contacted his witnesses or not.

Later in the same hearing, Big Leggins said, "I did ask June Lord for – if we could get some sort of extension so we can contact these other people that may be more valuable to my case," but Lord told him, "'I'm not going to do that, John.'" Mot. Hr'g Tr. at 74:2-7. At this point, Big Leggins was stating that he knew Lord had not contacted his witnesses.

Big Leggins has already said, under oath, that Lord investigated what he asked and he was satisfied with her assistance and advice, Change of Plea Tr. (doc. 30) at 10:19-11:19; and that he did not know whether she contacted his witnesses or not, Mot. Hr'g Tr. (doc. 103) at 59:7-18; and that she point-blank refused to contact them, *id.* at 74:2-7. He has also said that he pled guilty because he raped the victim, Change of Plea Tr. at 29:12-30:18; that he pled guilty because June Lord "pressured and scared [him] into it," Letter (doc. 28) at 1; and that he pled guilty because either he did not know whether Lord had contacted his witnesses, Mot. Hr'g Tr. at 59:7-18, or because she refused to do so, *id.* at 74:2-7.

Big Leggins now claims he pled guilty because Lord told him she was unable to locate his witnesses, when in fact she did not even try. This claim is flatly contradicted by the record Big Leggins established in the underlying proceedings. There is no reason whatsoever to assume that he is now telling the truth, particularly in light of the fact that he was represented by new counsel at the hearing on the motion to withdraw his plea. Big Leggins could have said then what he says now. There is no "real possibility" of the constitutional error Big Leggins alleges. His motion is denied as frivolous.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255

ORDER / PAGE 5

Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting *Slack*, 529 U.S. at 484). When Big Leggins was asked to show cause why he failed to raise his sentencing issues on direct appeal, he failed to respond. Whatever the merits of his claims against his sentence, his failure to respond to the Order to Show Cause deprived the Court of an opportunity to address them.

As for his claim against his guilty plea, in effect Big Leggins seeks a third opportunity to testify under oath about what counsel said to him about his witnesses. He was expected to tell the truth at his change of plea hearing. When he later said he did not, he was given a second opportunity to do so. It would be a travesty of justice to give him a third opportunity to tell yet another different story under oath. No

reasonable jurist would find it necessary to do so. A certificate of appealability is not warranted.

**ORDERED:**

1. Big Leggins' claims against his sentence are DISMISSED as procedurally defaulted and his claim against his guilty plea is DENIED as frivolous. Accordingly, his motion to vacate, set aside, or correct his sentence (doc. 117) is DENIED.

2. A certificate of appealability is DENIED.

3. The Clerk of Court shall enter, by separate document, a judgment of dismissal of the sentencing claims and judgment in favor of the United States and against Big Leggins on his claim against his guilty plea.

DATED this ___8th___ day of November, 2011.

Sam E. Haddon
United States District Court