**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | **No. CR-07-114-GF-BMM** |
| Plaintiff, | |
| vs. | **ORDER** |
| JOHN FITZGERALD BIG LEGGINS, JR., | |
| Defendant. | |

## INTRODUCTION

Defendant John Fitzgerald Big Leggins, Jr. ("Big Leggins") filed a motion for compassionate release on June 12, 2023. (Doc. 121.) Big Leggins's counsel filed an amended brief in support of Big Leggins's motion on September 22, 2023. (Doc. 131.) Big Leggins argues that his "unduly lengthy and vastly disparate" sentence coupled with his rehabilitation in prison constitute "extraordinary and compelling" reasons for reducing his term of imprisonment. (*Id.* at 2, 10–11, 19.) Big Leggins requests that the Court reduce his term of imprisonment to 240 months. (*Id.* at 25.) The Government supports Big Leggins's motion and agrees that reducing Big Leggins's term of imprisonment to 240 months would be appropriate. (Doc. 133 at 17.)

1

## FACTUAL BACKGROUND

The Government filed an indictment on October 3, 2007, charging Big Leggins with Aggravated Sexual Abuse in violation of 18 U.S.C. §§ 1153(a), 2241(a)(1). (Doc. 1.) The Government accused Big Leggins of having forcibly raped his cousin. (Doc. 131 at 2.) The Government alleged that Big Leggins, then age eighteen, and his cousin had been drinking at a playground in Frazer, Montana. (*Id.*) The Government contended that Big Leggins lifted his cousin over his shoulder, carried her against her will to a nearby yard, and forcibly raped her while restraining her arms and covering her mouth. (Doc. 133 at 2.) Big Leggins pleaded guilty on December 10, 2007. (Doc. 25.) Big Leggins moved to withdraw his guilty plea on February 25, 2008, which the Court denied. (Doc. 37; Doc. 50.)

At sentencing, the Government and Big Leggins objected to the presentence investigation report's failure to reduce Big Leggins's offense level for acceptance of responsibility. (Doc. 131-2 at 3–5.) The Government and Big Leggins agree that Big Leggins's offense level would have been 37 had the Court accepted the responsibility reduction. (Doc. 131 at 6; Doc. 133 at 4.) An offense level of 37 and a criminal history category of II would have produced a guideline range of 235 to 293 months. (Doc. 133 at 3–4.) The Court calculated a guidelines range of 324 to 405 months after rejecting the responsibility reduction. (Doc. 131-2 at 43.) Big Leggins recommended a below guidelines sentence of 10 to 15 years.

(*Id.* at 45.) The Government recommended a below guideline sentence of 25 years. (*Id.* at 47.) The Court sentenced John Fitzgerald Big Leggins, Jr. ("Big Leggins") to a 405-month term of incarceration to run consecutively to his 24-month sentence previously imposed for an arson conviction. (Doc. 133 at 4.) This sentence amounts to approximately 36 years. (*Id.*)

Big Leggins has served approximately 193 months, which constitutes approximately 51.8 percent of his imprisonment term, considering good credits earned. (Doc. 133-1 at 3.) Big Leggins projected release date is April 25, 2038. (*Id.*)  Big Leggins is incarcerated at Pekin FCI in Pekin, IL. *See* Inmate Locator, https://www.bop.gov/inmateloc (accessed October 13, 2023). Big Leggins's disciplinary records shows fourteen violations since 2009, most of which resulted in no loss of good time credit and several of which involved refusals to leave protective custody out of fear for his safety. (Doc. 131 at 19; Doc. 132 at 1–4.) Big Leggins's prison education records demonstrate that Big Leggins has participated in several courses including anger management, behavior therapy, stress management, beyond bars, and commitment to change. (Doc. 132 at 6.)

## DISCUSSION

### I.   Availability of Relief Under 18 U.S.C. § 3582

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United*

*States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019)). The Court may modify a term of imprisonment upon motion of a defendant if the Court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must consider the factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)"), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission" when the Court is considering the reduction of a defendant's term of imprisonment. *Brown*, 411 F. Supp. 3d at 448 (citing 18 U.S.C. § 3582(c)(1)(A)).

Congress has not defined the circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the United States Sentencing Commission ("USSC") to issue a policy statement describing "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *Aruda*, 993 F.3d at 800.

Section 1B1.13 of the United States Sentencing Guidelines, titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"), provides a policy statement for motions filed by the BOP director. Notably, the USSC has not amended the Policy Statement since passage of the First Step Act.

*See United States v. Haynes*, 456 F. Supp. 3d 496, 507 (E.D.N.Y. 2020); *Brown*, 411 F. Supp. 3d at 448. The "Commentary" to the Policy Statement lists five "Application Notes," the terms of which evidence the Policy Statement's inapplicability to the § 3582(c)(1)(A) as amended in the First Step Act. *See* USSG § 1B1.13 n.1–5. Note 1 lists those circumstances that qualify as "extraordinary and compelling," including the defendant's medical condition, age, family circumstances, and "Other Reasons." *Id.* n.1(A)–(D). The "Other Reasons" subdivision to Note 1 provides as follows: "As determined by the Director of [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* n.1(D) (emphasis added). Notes 4 and 5 likewise "speak plainly to the BOP's exclusive gate-keeping authority pre-[First Step Act]." *Haynes*, 456 F. Supp. 3d at 508. Note 4 provides, for example, that a "reduction under this policy statement may be granted *only* upon motion by the Director of the [BOP] pursuant to 18 U.S.C. § 3582(c)(1)(A)." USSG § 1B1.13 n.4 (emphasis added).

The Policy Statement fails to account for the removal of BOP's sole authority over sentence reduction petitions and the extension to defendants of the right to move directly for a sentence reduction. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). The Policy Statement instead contemplates only motions filed by the BOP Director. *Id.*; *see also* USSG § 1B1.13. The Ninth

Circuit recognized the inapplicability of U.S.S.G. § 1B1.13 to direct motions for a sentence reduction: "[T]he Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *Aruda*, 993 F.3d at 802. The statements set forth in U.S.S.G. § 1B1.13 "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)). The Policy Statement "does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." *Beck*, 425 F. Supp. 3d at 579; *see also United States v. McCoy*, 981 F.3d 271, 282 n.7 (4th Cir. 2020).

The Court recognizes the amendments to USSG § 1B1.13 that are scheduled to take effect on November 1, 2023. "The amendment revises §1B1.13(a) to reflect that a defendant is now authorized to file a motion under 18 U.S.C. § 3582(c)(1)(A), making the policy statement applicable to both defendant-filed and BOP-filed motions." USSC, *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index*, at 7, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf. The amendments provide that:

> Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> . . .

(5) *Other Reasons*.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

(6) *Unusually Long Sentence*.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

USSC, *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index*, at 3. The catchall "other reasons" provision reflects the USSC's belief that "guidance beyond that provided in the amended policy statement regarding what circumstances or combination of circumstances are sufficiently extraordinary and compelling to warrant a reduction in sentence is best provided by reviewing courts." *Id.* at 10. The "unusually long sentence" provision applies where there have been non-retroactive changes to the law. *Id.* This provision recognizes that "[o]ne of the expressed purposes of section 3582(c)(1)(A) when it was enacted in 1984 was to provide a narrow avenue for judicial relief from unusually long sentences." *Id.* at 11 (citing S. REP. NO. 98–225 (1983)).

## II.    Whether Big Leggins has Demonstrated Extraordinary and Compelling Reasons.

Big Leggins must demonstrate that extraordinary and compelling reasons support a reduction of his sentence. *United States v. Maumau,* No. 2:08-cr-00758-TC-11, 2020 WL 806121, at *5 n.3 (D. Utah Feb. 18, 2020). The Court sentenced Big Leggins to a term of imprisonment of 405 months. The Judiciary Sentencing Information platform contains an insufficient number of defendants with primary guideline § 2A3.1, a total offense level of 40, and a criminal history category of II to calculate average and median terms of imprisonment for similarly situated offenders. *See* USSC, *Judiciary Sentencing Information (JSIN),* https://jsin.ussc.gov/analytics/saw.dll?Dashboard (last accessed October 13, 2023). Big Leggins offers a comparison to defendants with primary guideline § 2A3.1, a total offense level of 38—which Big Leggins would have had if the Court accepted the recommended responsibility reduction—and a criminal history category of II. (Doc. 131 at 11–12.) Those comparison defendants averaged a term of imprisonment of 126 months. (*Id.*) The terms of imprisonment imposed for half of those defendants proved less than or equal to 87 months. (*Id.*) Defendants with primary guideline § 2A3.1 and the same guideline range of 324 to 405 months exhibited mean and median sentences of imprisonment of 301 months and 276 months respectively. *See* USSC, *Judiciary Sentencing Information (JSIN).* [1]

---

[1] These numbers represent the mean and median terms of imprisonment for defendants with primary guideline §

Defendants with a higher guideline range of 360 months to life exhibited mean and median sentences of only 308 months and 300 months, respectively. *Id.*[2]

Big Leggins further points out that half of the 1,499 defendants sentenced nationally for sexual abuse in 2022 received sentences of 180 months or less, with an average sentence of 207 months. (Doc. 131 at 12–13.) Big Leggins received a sentence nearly twice as long. Big Leggins's sentence appears disparate even when compared to 2008 statistics. Half of the 17 defendants sentenced in the District of Montana in 2008 for sexual abuse received sentences of 170 months or less, with an average sentence of 187.6 months. USSC, *Statistical Information Packet, Fiscal Year 2008, District of Montana*, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2008/mt08.pdf. A review of the Court's sentencing data for aggravated sexual abuse cases stemming back to 2011 reveals a mean sentence imposed of 194 months and a median sentence imposed of 186 months. Big Leggins received a sentence nearly double this length. Big Leggins has demonstrated an unduly long and disparate sentence in light of these statistics.

The Court must consider whether reducing Big Leggins's sentence as requested would comport with the 3353(a) factors. Section 3553(a) of Title 18 of

---

2A3.1, offense level 41, and criminal history category I.

[2] These numbers represent the mean and median terms of imprisonment for defendants with primary guideline § 2A3.1, offense level 42, and criminal history category II.

the United States Code provides:

> The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). The Court also must consider the kinds of sentences available, the need to provide restitution to any victims, the recommended guideline sentence, any pertinent policy statement, and the need to avoid unwarranted sentence disparities. (*Id.*)

Big Leggins committed a serious offense. Big Leggins acknowledges the serious nature of the offense, writing "[r]ape is, next to murder, perhaps the most serious of crimes." (Doc. 131 at 16.) Big Leggins offense involved force and took place in a public park, further exposing the victim. Big Leggins urges, however, the Court to consider the circumstances of the offense and the characteristics of Big Leggins at the time. (*Id.*) Big Leggins was only eighteen years of age and proved to be intoxicated at the time of the offense. The provider who performed Big Leggins's psycho-sexual evaluation testified that Big Leggins's intoxication

likely proved a necessary factor in Big Leggins committing the offense.

Big Leggins's motion requests that his sentence be reduced from approximately thirty-six years (405 months) to twenty years (240 months). Twenty years adequately reflects the seriousness of the offense, especially considering that twenty years would have fallen within the guideline range recommended for Big Leggins had the Court accepted the responsibility reduction. Even with a reduction to twenty years, Big Leggins will have spent approximately half his life incarcerated by the time he is released. The Government concedes that given Big Leggins sixteen years spent in prison, "there is little reason to think that an additional 20 years is necessary to deter Big Leggins from committing additional crimes." (Doc. 133 at 16.)

The Court finds that the other remaining 3553(a) factors also weigh in favor of a sentence reduction. Big Leggins admits that his disciplinary record in prison is far from perfect, but nine of his fourteen violations occurred at least five years ago. (Doc. 132 at 1–4.) His recent violations stem from refusals to leave protective custody, which Big Leggins claim are rooted in fear of physical harm.  (Doc. 131 at 19.) Big Leggins has taken advantage of several educational courses throughout his time in prison, including courses on anger management and behavioral therapy that indicate a willingness to correct and rehabilitate problematic behaviors. (Doc. 132 at 6.) Big Leggins has not completed substance abuse treatment or sexual

offender treatment yet, but the sentence reduction requested would leave Big Leggins with sufficient time to complete those programs.

Big Leggins has demonstrated through statistical data that he is serving a sentence far longer, and, in fact, nearly double that of what similarly situated defendants receive in Montana and across the nation. The 3553(a) factors recognize "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Big Leggins received a sentence of imprisonment far longer than the average sentence for defendants with the same primary guideline and same or higher guideline range.

## CONCLUSION

Big Leggins demonstrated that his sentence proves unduly long and disparate when compared with similarly situated defendants. Several factors contribute towards a finding of extraordinary and compelling reasons for a reduction of Big Leggins's term of incarceration: Big Leggins's disparately long term of imprisonment, the characteristics of Big Leggins, including his age at the time of the offense, Big Leggins's relatively short and minor disciplinary history throughout his sixteen years in prison, Big Leggins's partial and continuing rehabilitation through prison education courses, and the government's admission of the non-existent deterrent effect of an additional sixteen years of imprisonment

given the time Big Leggins has already spent and that he will be under supervision for life upon release. The Court finds that the reduction proposed by Big Leggins and supported by the Government proves appropriate in light of the 3553(a) factors, the sentencing goal of avoiding sentencing disparity, and the goal underlying § 3258(c)(1)(A) to provide judicial relief for unusually long sentences.

## ORDER

Accordingly, **IT IS ORDERED**:

1. Big Leggins's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 121) is **GRANTED**.

2. As of the date of this Order, Big Leggins's term of imprisonment is to be reduced to 240 months.

DATED this 16th day of October, 2023.

Brian Morris, Chief District Judge
United States District Court